Lisa Cohen, Gainesville, FL, for Your Campus Credit Union.

Bruce Hoffman, Gainesville, FL, for Debtor.

Mark Freund, Trustee, Tallahassee, FL.

**In re Cassie S. MOBLEY, Debtor.**

**Bankruptcy No. 96–00009.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Oct. 17, 1996.

## MEMORANDUM OPINION ON OBJECTION TO CLAIM

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the Court on the Chapter 7 Trustee's (the "Trustee") objection to claim number 4 filed by Your Campus Federal Credit Union (the "Credit Union"). A hearing was held on September 5, 1996. Based on the record and the undisputed facts, the following findings of fact and conclusions of law are entered pursuant to Bankruptcy Rule 7052.

### Findings of Fact

Cassie Mobley ("Debtor") purchased a 1992 Pontiac Grand Am with an automobile loan from the Credit Union. When Debtor filed her petition under Chapter 7 of the

Bankruptcy Code[1] on January 11, 1996, the remaining balance owed on the loan was $8,621.35.00. On April 16, 1996, Debtor filed a reaffirmation agreement in which she agreed to pay the Credit Union according to the original terms of the automobile loan. The Credit Union filed claim number 5, a secured claim, in the amount of $7,200.00, the amount it claims to be the value of the automobile.[2] The Credit Union filed claim number 4 as un unsecured claim, in the amount of $1,421.35, representing the difference between the value of the collateral and the total amount owed. The Trustee objected to claim number 4 as an unsecured claim. The Credit Union is seeking to share pro rata on its unsecured claim in any distribution to unsecured creditors.

## Conclusions of Law

The issue in this case is whether the Credit Union, an undersecured Chapter 7 creditor whose debt has been reaffirmed by the Debtor, has both a secured claim and an unsecured claim. If so, the Credit Union will be entitled to participate pro rata in the distribution to unsecured creditors on its unsecured claim. If the credit Union does not have an unsecured claim, it will have to look solely to Debtor for repayment under terms of the reaffirmation agreement. This is a case of first impression and the court has been unable to locate a published opinion which squarely addresses the issue.

Section 506 provides in part:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest or the amount subject to set off is less than the amount of such allowed claim.

11 U.S.C. § 506(a). The Credit Union states that there is no exception in § 502 which would disallow its claim as a result of the reaffirmation agreement. Thus, the Credit Union argues that under § 506(a), it is enti-

tled to both a secured claim in the amount of the value of the collateral, and an unsecured claim representing the difference between the total amount owed and the value of the collateral. The Trustee's position is that claim number 4 should be disallowed as an unsecured claim and allowed as a secured claim. The Trustee states that the Credit Union's claim can't be an unsecured claim because the entire debt has been reaffirmed and is secured by a lien on the automobile which survives bankruptcy. Thus, the entire claim is a secured claim and there is no deficiency which can be classified as an unsecured claim.

A thorough analysis begins with an examination of the purposes behind § 506. The Ninth Circuit Bankruptcy Appellate Panel has held that "§ 506 was intended to facilitate valuation and disposition of property in the reorganization chapters of the Code." *Oregon v. Lange (In re Lange)*, 120 B.R. 132, 135 (9th Cir. BAP 1990) (finding that a Chapter 7 debtor may not bifurcate a claim into secured and unsecured portions in order to avoid the unsecured portion of a lien on real property). The Supreme Court reached a similar conclusion in *Dewsnup v. Timm (In re Dewsnup)*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In *Dewsnup*, Chapter 7 debtors attempted to value real property under § 506(a) in order to bifurcate the undersecured creditor's claim into secured and unsecured portions and then strip down the lien under § 506(d). *Id.* The Supreme Court held that § 506 does not allow a Chapter 7 debtor to strip down an undersecured creditor's lien because the lien stays with the real property until foreclosure. *Id.* at 416–18, 112 S.Ct. at 777–78, 116 L.Ed.2d at 911.

Bankruptcy courts have extended the holding in *Dewsnup* to other types of property. *E.g. In re Windham*, 136 B.R. 878 (Bankr. M.D.Fla.1992). The Chapter 7 debtor in *Windham* was seeking to value an automobile in order to strip down an undersecured creditor's lien under § 506(a) and (d). The debtor had filed a statement of intent, indicating that she intended to reaffirm the debt

---

1. 11 U.S.C. §§ 101 et seq. (1995).

2. There has not been a formal valuation of the automobile in connection with this case.

and retain the collateral. The *Windham* Court extended *Dewsnup* by holding that "Chapter 7 debtors may not avoid any portion of liens on real *or personal property* under Section 506." *Id.* at 883 (emphasis added). I agree with this line of reasoning.

When the onion is peeled to the core, it is clear that by filing both a secured claim and an unsecured claim, the Credit Union is essentially seeking to bifurcate its own claim under § 506 and share pro rata in the distribution to unsecured creditors, while also retaining its lien on the collateral for the full amount of its claim under the terms of the reaffirmation agreement. I have been unable to find any authority or sound rationale which would allow an undersecured Chapter 7 creditor to bifurcate its own claim under § 506 when existing case law expressly prohibits debtors from bifurcating the claims of undersecured Chapter 7 creditors. This is especially true in light of case law which states that § 506 was intended to facilitate the reorganization of debtors under the *nonliquidation* chapters of the Code. *In re Lange,* 120 B.R. at 135. Further, the Credit Union's claim could not be an unsecured claim because the entire debt has been reaffirmed and is secured by a lien on the automobile.

This result is supported by Florida law. A creditor can not have a deficiency judgment entered until after resorting to foreclosure and judicial sale or disposing of the property in a nonjudicial sale under Florida Statutes § 679.504. Fla.Stat.Ann. § 679.504 (West 1993); 47 Fla.Jur.2d *Secured Transactions* § 401 (1984). Thus, if the debt is reaffirmed, there is not a liquidation of the collateral, and therefore, no deficiency giving rise to an unsecured claim.

## Conclusion

Based on the foregoing, the Trustee's objection to claim number 4 is sustained. A separate order shall be entered in accordance herewith.